```
IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:09CR104 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JORGE URIEL-ESQUIVEL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255, Filing No. 104, and amended motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. Filing No. 106.

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

The record indicates that defendant pled guilty, pursuant to a plea agreement, to a charge of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. Filing Nos. 91, Plea Agreement; 102, Transcript of Hearing ("Tr."). He was sentenced to 121 months of imprisonment. Filing No. 99, Judgment. The plea agreement contained an appeal waiver, but not a waiver of the right to file a postconviction action. Filing No. 102, Tr. at 10.

In his pro se § 2255 motion, the defendant alleges a claim of ineffective assistance of counsel. He alleges that counsel failed to communicate with him and failed to effectively

explain the plea agreement. He further alleges that counsel was ineffective in failing to challenge drug quantity or the Guidelines range and failing to challenge an allegedly illegal traffic stop.

On initial review, the court finds that "it does not plainly appear that the defendant is entitled to no relief," and that the government should be required to answer. On receipt of the government's answer, the court will determine (a) whether to order the parties to submit briefs on the merits, so that the defendant's claims may be resolved on the basis of the record and briefs, or (b) whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

THEREFORE, IT IS ORDERED:

1. On initial review, the court finds that summary dismissal is not appropriate.

2. The United States shall file an answer to the defendant's § 2255 motion within 21 days of the date of this order.

DATED this 9th day of April, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
U.S. District Court Judge